UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFREY HILL, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ACV AUCTIONS INC., a foreign profit corporation; ACV CAPITAL LLC, a foreign limited liability company; ACV TRANSPORTATION LLC, a foreign limited liability company; and DOES 1-20, as yet unknown Washington entities,

Defendants.

No. 2:25-CV-00616

**NOTICE OF REMOVAL**

**TO: THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants ACV Auctions Inc., ACV Capital LLC, and ACV Transportation LLC (collectively "ACV") remove this action to this Court from the Superior Court of the State of Washington for King County, filed as Case No. 25-2-08131-1 SEA. In support of this Notice of Removal, ACV states:

## I. STATE COURT ACTION

1. On March 12, 2025, Plaintiff Jeffrey Hill ("Plaintiff") commenced this action by filing a Class Action Complaint in the Superior Court of the State of Washington for King County,



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

where it was assigned Case No. 25-2-08131-1 SEA ("State Court Action"). *See* Declaration of Emily A. Bushaw in Support of Notice of Removal ("Bushaw Decl.") at Ex. A ("Complaint").

2. With this Notice, ACV files a true and correct copy of all process, pleadings, and orders either served on ACV or filed in the State Court Action. *Id*. at Exs. A-G.

3. According to Plaintiff's Declaration of Service, Plaintiff served a copy of the Summons, Complaint, Order Setting Civil Case Schedule, and Case Information Cover Sheet and Area Designation on ACV on March 18, 2025. *Id*. at Ex. E.

4. ACV files this Notice of Removal on April 7, 2025, which is within the 30-day period following its receipt of the Summons and Complaint. *Id*. at ¶3.

5. ACV has not voluntarily invoked or submitted to the jurisdiction of the Superior Court of the State of Washington for the County of King related to the above-captioned matter. *Id*. No further proceedings have been had in the state court as of the date of this Notice. *Id*. at ¶¶3, 4.

## II. PLAINTIFF'S CLASS ACTION ALLEGATIONS

6. Plaintiff purports to bring this action as a putative class action. Complaint at ¶41. Plaintiff seeks to represent "All individuals who, from January 1, 2023 through the date notice is provided to the Class, applied for a job opening in the State of Washington with ACV Auctions Inc.; ACV Capital LLC; or ACV Transportation LLC where the job postings did not disclose a wage scale or salary range, and/or a general description of all of the benefits and other compensation to be offered to the hired applicant." *Id.*

7. Plaintiff asserts one claim against ACV under the Equal Pay and Opportunities Act ("EPOA") for a purported violation of Wash. Rev. Code § 49.58.110. *Id.* at ¶¶49-55. Specifically, Plaintiff alleges that "[he] and the Class applied for job openings with the Defendants where the postings did not disclose the wage scale or salary range, and/or a general description of all of the benefits and other compensation to be offered to the hired applicant." *Id.* at ¶51. Plaintiff alleges that all of ACV's postings were deficient: "Defendants continue to withhold pay and/or benefits information in some, if not all, of their job postings for Washington-based positions." *Id.* at ¶24.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

8. Plaintiff seeks $5,000 in statutory damages for each putative class member. *Id.* at ¶¶40, 54, 57. He also seeks his attorneys' fees and costs. *Id.* at ¶¶40, 55, 58.

## III. GROUNDS FOR REMOVAL

9. ACV removes this matter based on: (A) 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA"); and (B) 28 U.S.C. § 1332(a), diversity jurisdiction.

### A. CAFA Jurisdiction

10. Under CAFA, a defendant may remove a putative class action if: (1) there are at least 100 putative class members; (2) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs; and (3) there is minimal diversity of citizenship. *See* 28 U.S.C. §§ 1332(d)(2) and 1332(d)(5)(B).

11. ACV denies Plaintiff's factual allegations and further denies that Plaintiff, or the class he purports to represent, is entitled to the requested damages. ACV opposes class certification and the merits of Plaintiff's claim. For removal purposes, however, Plaintiff's allegations establish CAFA jurisdiction.

#### 1. There Are at Least 100 Putative Class Members

12. Plaintiff alleges that ACV did not disclose the wage scale or salary range in its job postings. Complaint at ¶¶23, 24. From these allegedly deficient job postings, ACV received in excess of 1,000 job submissions between January 1, 2023, and March 18, 2025, which came from more than 100 individuals. Declaration of Stephanie Laquitara in Support of Notice of Removal ("Laquitara Decl.") at ¶2. ACV, therefore, satisfies CAFA's requirement to establish more than 100 putative class members.

#### 2. The Aggregate Amount in Controversy Exceeds $5 Million

13. To remove under CAFA, a removing party may aggregate the claims of the putative class to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). The removing party bears the burden to establish the amount in controversy; there is no presumption against removal for cases removed under CAFA. *Dart*



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (explaining there is "no antiremoval presumption" in CAFA cases; Congress enacted CAFA to expand access to federal court); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged.").

14. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89. A removing party may rely on reasonable assumptions. *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("[A] removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements.") (quotations and citations omitted).

15. Here, Plaintiff's first cause of action is based on the assumption that ACV did not disclose the wage scale or salary range in its job postings seeking Washington workers since January 1, 2023. Complaint at ¶¶23, 24. For each person applying to the allegedly deficient job posting, Plaintiff seeks $5,000 in statutory damages. *Id.* at ¶¶40, 54, 57.

16. ACV received more than 1,000 job submissions between January 1, 2023, and March 18, 2025, for Washington State job postings. Laquitara Decl. at ¶2. Accordingly, Plaintiff puts at least $5,000,000 in controversy (1,001 x $5,000 = $5,005,000).

17. Plaintiff also requests an attorneys' fees award. Complaint at ¶¶40, 55, 58. Future attorneys' fees may be included in the amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018). For purposes of removal, the Ninth Circuit has held that a 25% recovery is the "benchmark" level for reasonable attorneys' fees in class action cases. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998), *overruled in irrelevant part by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

18. Plaintiff's request for attorneys' fees, therefore, places an additional $1,251,250 in controversy (25% of $5,005,000). Complaint at ¶¶40, 55, 58.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

19. Overall, Plaintiff places more than $5,000,000 in controversy, and ACV satisfies CAFA's amount-in-controversy requirement.

**3. There is Minimal Diversity**

20. CAFA requires the removing party to show that one putative class member is a citizen of a different state than one defendant. *See* 28 U.S.C. § 1332(d)(2)(A); *see also United Steel v. Shell Oil Co*., 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that CAFA broadens diversity jurisdiction for class actions by requiring only minimal diversity).

21. <u>ACV Auctions Inc.'s Citizenship.</u> "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). A company's "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010).

22. ACV Auctions Inc. is incorporated in Delaware. Declaration of Lacey Duemmer in Support of Notice of Removal ("Duemmer Decl.") at ¶2. ACV Auctions Inc. maintains its headquarters in Buffalo, New York where it directs, controls, and coordinates the Company's activities. *Id.*

23. <u>ACV Capital LLC's and ACV Transportation LLC's Citizenship.</u> Under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

24. ACV Capital LLC is organized in Delaware. Duemmer Decl. at ¶3. ACV Capital LLC maintains its principal place of business in Buffalo, New York where it directs, controls, and coordinates the Company's activities. *Id.*

25. ACV Transportation LLC is incorporated in Delaware. *Id.* at ¶4. ACV Transportation LLC maintains its principal place of business in Buffalo, New York where it directs, controls, and coordinates the Company's activities. *Id.*



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

26. Diverse Citizenship of a Putative Class Member. A person's citizenship is determined by their domicile. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is their permanent home where they intend to remain or return. *Id.* A person's residence is prima facie evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994).

27. Here, Plaintiff alleges that he resides in Washington State. Complaint at ¶15.

28. Therefore, at least one member of the putative class is a citizen of a different state (Washington) from ACV (Delaware and New York). As a result, diversity jurisdiction exists under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

**B. Diversity Jurisdiction**

1. Citizenship

29. Plaintiff's Citizenship. Plaintiff alleged that he resides in Skagit County, Washington. Complaint at ¶15.

30. ACV Auctions Inc.'s Citizenship. As described above, ACV Auctions Inc. is a citizen of Delaware and New York. Duemmer Decl. at ¶3.

31. ACV Capital LLC's and ACV Transportation LLC's Citizenship. For purpose of simple diversity under Section 1332(a), a limited liability company is a citizen of every state that its members are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

32. ACV Capital LLC's sole member is ACV Auctions Inc., which is a citizen of Delaware and New York. Duemmer Decl. at ¶¶2, 3.

33. ACV Transportation LLC's sole member is ACV Auctions Inc., which is a citizen of Delaware and New York. *Id.* at ¶¶2, 4.

34. Accordingly: (a) ACV is a citizen of Delaware and New York; and (b) Plaintiff is a citizen of Washington. Therefore, complete diversity of citizenship exists between the parties for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**2. Amount in Controversy**

35. The amount in controversy is the "estimate of the entire potential amount at stake in the litigation." *Jauregui v. Roadrunner Transp. Servs., Inc.,* 28 F.4th 989, 994 (9th Cir. 2022) (emphasis omitted). It includes "any result of the litigation, excluding interests and costs, that entails a payment by the defendant." *Gonzales v. CarMax Auto Superstores, LLC,* 840 F.3d 644, 648 (9th Cir. 2016).

36. Under 28 U.S.C. § 1332(a), the amount in controversy exceeds $75,000. By the statements contained in this Notice of Removal, ACV does not concede that Plaintiff is entitled to any damages.

37. <u>Statutory Damages.</u> Plaintiff seeks $5,000 in statutory damages. Complaint at ¶¶40, 54, 57.

38. <u>Attorneys' Fees.</u> Future attorneys' fees may be included in the amount in controversy. *See Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413 (9th Cir. 2018). To meet its burden of establishing the amount in controversy by a preponderance of the evidence, *see Fritsch v. Swift Transportation Co. of Arizona, LLC,* 899 F.3d 785, 793 (9th Cir. 2018), the removing party may estimate "anticipated but unaccrued" attorneys' fees at the time of removal. *Gonzales,* 840 F.3d at 649 n.2. To do so, a removing party may estimate plaintiff's counsel's potential recovery, *e.g.,* billing rate and the amount of time required by the case. *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.,* No. MDL 2672 CRB (JSC), 2019 WL 957578, at *7-8 (N.D. Cal. Feb. 27, 2019) (citing *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000)). "The amount of fees commonly incurred in similar litigation can usually be reasonably estimated based on experience." *Adkins v. J.B. Hunt Transp., Inc.,* 293 F. Supp. 3d 1140, 1147 (E.D. Cal. 2018) (quotation omitted).

39. In this case, Plaintiff seeks recovery of his attorneys' fees. Complaint at Complaint at ¶¶40, 55, 58. ACV has a good faith belief that if Plaintiff is successful in this action, he will seek an attorneys' fee award in excess of $75,000. The Ninth Circuit estimates employment cases



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

at 100 or more hours. *Adkins v. J.B. Hunt Transp., Inc.,* 293 F. Supp. 3d 1140, 1148 (E.D. Cal. 2018); *Garcia v. ACE Cash Express, Inc.,* No. SACV 14-0285-DOC, 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014); *Sasso v. Noble Utah Long Beach, LLC,* No. CV 14-09154-AB AJWX, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015).

40. This estimate is consistent with Plaintiff's counsel's declaration in a recent employment case where counsel reported that he individually incurred 113.4 hours, and that his billing rate is $725/hour. *See Bushaw Decl.* at Ex. H. In that case, Plaintiff's counsel requested over $82,000 related to his own time and $125,852.50 in fees for all timekeepers at his firm. Thus, based on the conservative estimate of 100 hours, *see Adkins*, 293 F. Supp. 3d at 1148, and multiplied by Plaintiff's counsel's hourly rate of $725, the attorney fee amount in controversy in this matter will more likely than not exceed $75,000.

41. Service Award. In a recent EPOA class action which included Plaintiff's counsel, counsel sought and received a $20,000 class representative service award for the named plaintiff. *Id.* at Ex. I.

42. Summary. Plaintiff alleges well over $75,000 in damages in the aggregate, taking into account statutory damages ($5,000), attorneys' fees to Plaintiff (>$75,000), and a service award to Plaintiff ($5,000 - $20,000).

## IV. ACTION REMOVABLE

43. Removal under 28 U.S.C. § 1441 is proper because this Court would have had original jurisdiction over Plaintiff's claims had Plaintiff initially filed the action in federal court.

44. ACV is removing this action to the Seattle Division of this Court because Plaintiff alleges that his claims arose in King County. Complaint at ¶13. The Seattle Division of this Court "embrac[es] the place where [the state court] action is pending," and is, therefore, the appropriate court for removal. 28 U.S.C. § 1441(a).

45. ACV filed this Notice of Removal with the Court within thirty days after receipt by ACV of the Complaint, in accordance with 28 U.S.C. § 1446(b).



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

46. ACV will promptly give written notice of the filing to Plaintiff and will promptly file a copy of the Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## V. PLEADINGS FILED

47. ACV attached copies of all process, pleadings, and orders from the State Court Action to the Bushaw Declaration filed with this Notice of Removal.

Dated: April 7, 2025

By: s/ *Emily A. Bushaw*
Emily A. Bushaw, WSBA #41693

s/ *Kyle D. Nelson*
Kyle D. Nelson, WSBA #49981

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
Email: EBushaw@perkinscoie.com
Email: KyleNelson@perkinscoie.com

*Attorneys for Defendants*



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## CERTIFICATE OF SERVICE / SERVICE LIST

On April 7, 2025, I caused to be served upon the below-named counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the foregoing document.

**Attorneys for Plaintiff Jeffrey Hill**

| Counsel | | Method |
|---|---|---|
| Timothy W. Emery, WSBA No. 34078<br>Patrick B. Reddy, WSBA No. 34092<br>Paul Cipriani, WSBA No. 59991<br>Hannah M. Hamley, No. 59020<br>**Emery Reddy, PLLC**<br>600 Stewart Street, Suite 1100<br>Seattle, WA 98101<br>Phone: 206.442.9106<br>Fax: 206.441.9711<br>Email: emeryt@emeryreddy.com<br>Email: reddyp@emeryreddy.com<br>Email: paul@emeryreddy.com<br>Email: hannah@emeryreddy.com | ☐<br>☐<br><br>☐<br>☑<br>☑ | Via hand delivery<br>Via U.S. Mail, 1st Class, Postage Prepaid<br><br>Via Overnight Delivery<br>Via Email<br>Via CM/ECF |

**Attorneys for Defendant ACV**

Emily A. Bushaw, WSBA # 41693
Kyle D. Nelson, WSBA # 49981
**Perkins Coie LLP**
1201 3rd Avenue, STE 4900
Seattle, WA 98101
Phone: 206.359.8000
Fax: 206.359.9000
Email: EBushaw@perkinscoie.com
Email: KyleNelson@perkinscoie.com

**I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.**

EXECUTED at Seattle, Washington, on April 7, 2025.

s/ *Kyle D. Nelson*
Kyle D. Nelson, WSBA #49981



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000