1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
9                              AT SEATTLE

10   JEFFREY HILL,                          CASE NO. C25-616 MJP

11                    Plaintiff,            ORDER GRANTING MOTION TO
                                            REMAND AND DENYING
12           v.                             STIPULATED MOTION TO STAY

13   ACV AUCTIONS INC.; ACV
     CAPITAL, LLC; and DOES 1-20,
14
                      Defendants.
15

16
        This matter comes before the Court on Plaintiff's Motion to remand (Dkt. No. 10), and
17
the Parties' Stipulated Motion to Stay (Dkt. No. 13). Having reviewed both Motions and all
18
supporting materials, the Court GRANTS the Motion to Remand and DENIES the Motion to
19
Stay.
20
                                    **BACKGROUND**
21
        Plaintiff Jeffrey Hill filed this class action in King County Superior Court against ACV
22
Auction Inc. and ACV Capital, LLC and various Doe Defendants, claiming Defendants violated
23
the pay transparency requirements of Washington's Equal Pay and Opportunities Act (EPOA),
24

RCW 49.58.110. Defendants removed the action to this Court, and Hill asserts that the matter was improperly removed. The Court reviews the statutory and factual background.

A.  **Statutory Background**

Washington State passed its first equal pay legislation, the Equal Pay Act, in 1943, and amended it for the first time in 2018, at which time it became known as the EPOA. See RCW 49.12.175; 49.58.005. The Washington Legislature found that "despite existing equal pay laws, there continue[d] to be a gap in wages and advancement opportunities among workers in Washington, especially women." RCW 49.58.005. The law was updated "to address income disparities, employer discrimination, and retaliation practices, and to reflect the equal status of all workers in Washington state." Id.

In 2019, the EPOA was further updated to address discriminatory hiring practices by prohibiting employers "from seeking the wage or salary history of an applicant for employment in certain circumstances," and by requiring "an employer to provide wage and salary information to applicants and employees" upon request, although only "after offering the applicant the position." RCW 49.58.005; see also RCW 49.58.100, -.110.

In 2022, the Legislature again amended the EPOA by modifying RCW 49.58.110 to require employers to proactively disclose compensation information when a position is posted as available. This "allows a discussion at the start of the process instead of after an offer has been made, which will increase the ability to negotiate pay." (Complaint ¶ 5 (quoting H.B. Rep. ESSB 5761, at 2 (Wash. 2022)) (Dkt. No. 1-1).) As Hill points out, the Legislature amended the Act in part to "'allow[] a discussion at the start of the process instead of after an offer has been made, which will increase the ability to negotiate pay.'" (Id. (quoting H.B. Rep. ESSB 5761, at 2).) The Legislature was also concerned that "'[m]any candidates spend hours going through rounds of

interviews only to find out they can't live on the offered pay.'" (Id. (quoting S.B. Rep. ESSB 5761, at 3 (Wash. 2022)).)

The EPOA now states, in relevant part, that an employer must "disclose in each posting for each job opening the wage scale or salary range, and a general description of all of the benefits and other compensation to be offered to the hired applicant." RCW 49.58.110(1). It is this provision that Hill claims Defendants violated.

**B.       Factual Background**

Jeffrey Hill lives in Washington and applied for a job opening Defendants offered in Washington. (Complaint ¶¶ 15, 27 (Dkt. No. 1).) Hill alleges "[t]he posting for the job opening Plaintiff applied to did not disclose the wage scale or salary range, and/or a general description of all of the benefits and other compensation to be offered to the hired applicant." (Id. ¶ 28.) He alleges that he and the members of a proposed class of similarly-situated individuals "lost valuable time applying for jobs with Defendants for which the wage scale or salary range was not disclosed." (Id. ¶ 25.) But Hill alleges only that he applied for the job, not that he was qualified for the position, that he received any specific response, or that he received an interview offer.

## ANALYSIS

**A.       Plaintiff Lacks Standing**

The Court finds that it lacks subject matter jurisdiction over this matter because Hill does not have Article III standing, having failed to identify a concrete injury from Defendants' failure to provide statutorily-required salary information.

"Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' or 'Controversies.'" Ariz. Christian Sch. Tuition Org. v. Winn,

563 U.S. 125, 132 (2011). "Among other things, that limitation requires a plaintiff to have standing." Fed. Election Comm'n v. Cruz, 596 U.S. 289, 295–96 (2022). If a plaintiff lacks Article III standing, the Court does not have subject matter jurisdiction. See Warth v. Seldin, 422 U.S. 490, 498 (1975). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." TransUnion LLC v. Ramirez, 594 U.S. 413, 423 (2021) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)). Plaintiff bears the burden of establishing each of these elements "with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice[.]" Id.; accord Tingley v. Ferguson, 47 F.4th 1055, 1066 (9th Cir. 2022).

This case falls into a category of lawsuits where standing is premised on the violation of a statutory right. "[T]he Supreme Court made clear that a plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" Robins v. Spokeo, Inc. (Spokeo II), 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting Spokeo, Inc. v. Robins (Spokeo I), 578 U.S. 330, 341 (2016) as revised (May 24, 2016)). To establish a concrete injury, "the plaintiff must allege a statutory violation that caused him to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" Id. (quoting Spokeo I, 578 U.S. at 340).

"Although we often think of 'tangible' injuries as the basis of this jurisdictional requirement, the Supreme Court has confirmed that 'intangible injuries can nevertheless be

concrete.'" Magadia v. Wal-Mart Assocs., Inc., 999 F.3d 668, 679 (9th Cir. 2021) (quoting Spokeo I, 578 U.S. at 340). While "[t]he omission of statutorily required information can constitute a distinct, concrete injury," "not 'every minor inaccuracy reported in violation of [a statute] will cause real harm or present any material risk of real harm.'" Id. (quoting Spokeo II, 867 F.3d at 1116). "[A]n intangible injury may be concrete if it presents a material risk of tangible harm or 'has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' like common law torts or certain constitutional violations." Phillips v. United States Customs & Border Prot., 74 F.4th 986, 991 (9th Cir. 2023) (quoting Spokeo I, 578 U.S. at 340-41).

"To determine whether the violation of a statute constitutes a concrete harm, we engage in a two-part inquiry." Magadia, 999 F.3d at 679. "We first consider 'whether the statutory provisions at issue were established to protect . . . concrete interests (as opposed to purely procedural rights).'" Id. (quoting Spokeo II, 867 F.3d at 1113). "If so, we then assess 'whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests.'" Id. (quoting Spokeo II, 867 F.3d at 1113).

Although the EPOA protects concrete interests of job applicants, the Court finds that the alleged violation Hill identifies did not cause an actual harm or present a material risk of harm to that interest. The Court reviews its two-part analysis, below.

First, the Court finds that the salary disclosure requirement in the EPOA was established to protect concrete, non-procedural rights for job applicants and employees. The EPOA was recently amended to address the wage gap and income disparities that exist affecting workers in Washington. RCW 49.58.005. The EPOA expressly states that "the legislature intends to require an employer to provide wage and salary information to applicants and employees." RCW

49.58.005(4). To promote this goal, the 2019 Amendments to the EPOA required employers to provide wage and salary information to applicants upon request, but only "after offering the applicant the position." RCW 49.58.005, -.100-.110. Then in 2022, the Legislature amended the EPOA to increase transparency by requiring proactive disclosure of wage and salary information to "allow[] a discussion at the start of the process instead of after an offer has been made, which will increase the ability to negotiate pay." H.B. Rep. ESSB 5761, at 2. This change was designed to avoid harm to those who "spend hours going through rounds of interviews only to find out they can't live on the offered pay." S.B. Rep. ESSB 5761, at 3. Read together, this legislative history confirms that the EPOA's procedural requirement of disclosure was established to protect applicants by arming them with sufficient information to ensure fair and equitable pay negotiations, and to avoid wasting time interviewing for positions whose pay would never be adequate.

Second, Hill has failed to show how the lack of disclosure caused him an actual harm or material risk of harm consistent with the EPOA. In full, Hill alleges that as a result of the missing pay scale and wage range information, he "lost valuable time," was unable to negotiate, and was "unable to evaluate the pay for the position and compare that pay to other available positions in the marketplace[.]" (Compl. ¶¶ 33-35.) But these allegations fail to show any actual harm against which the EPOA intends to protect. Nowhere has Hill alleged that he was offered an interview or that he engaged in any pay negotiations. All Hill alleges is that he applied to job. And Hill does not even allege he was qualified for the position. As a result, the only injury Hill identifies is the time he "lost" in submitting the application. This is not an injury that the EPOA seeks to prevent or redress. The conclusion reached in a similar case pending this District applies here: "[a] job posting that does not contain compensation information is a technical violation, but it does not

harm or create a material risk of harm to any individual's concrete interest" because "[a] nominal applicant with no interest in the position will neither receive a benefit from early pay disclosure nor be harmed by the lack thereof." Floyd v. Insight Global, LLC, C23-1680 BJR, Order Granting Mot. to Dismiss at 14 (W.D. Wash. Apr. 25, 2024). As was the case in Floyd, Hill has failed to identify a concrete and particularized injury sufficient to satisfy Article III standing. Because the Court lacks subject matter jurisdiction, the Court GRANTS the Motion to Remand because it lacks subject matter jurisdiction over this matter.

**B.      Stay Not Appropriate**

The Parties have asked the Court to stay this matter pending the Washington Supreme Court's resolution of a certification question in Branson v. Washington Fine Wines & Spirits, LLC, C24-589 JHC (W.D. Wash. Aug. 20, 2024). In Branson, the Court certified the question of who constitutes an "job applicant" under the EPOA, including whether the person must be a "bona fide" applicant. The Supreme Court held oral argument on February 13, 2025, but no opinion has issued.

The Court does not find a stay of this matter to be appropriate. As explained above, the Court lacks subject matter jurisdiction over this matter because Hill lacks standing. The decision in Branson will not change that fact. For even if Hill were a "bona fide" applicant, he still has not identified any actual harm—for example, interviewing and negotiation—sufficient to show an injury for Article III purposes. Additionally, should Branson determine that Hill must allege he is a bona fide candidate to have a claim, he would likely be permitted to amend his complaint to include such allegations if they are true. To this end, the Parties' bare-bones stipulation fails to explain what impact Branson would have on this issue and why a stay is appropriate. The Court therefore DENIES the Stipulated Motion.

**CONCLUSION**

The Court finds that Hill has failed to allege an injury to a concrete interest sufficient to satisfy Article III standing. The Court therefore lacks subject matter jurisdiction, and GRANTS the Motion to Remand. The Court REMANDS this matter to the King County Superior Court. And the Court DENIES the Motion to Stay.

The clerk is ordered to provide copies of this order to all counsel.

Dated June 4, 2025.

Marsha J. Pechman
United States Senior District Judge